**Michael E. SAUNDERS, Sr., Plaintiff–Appellant,**

v.

**NEW HORIZONS COMPUTER LEARNING CENTER OF METROPOLITAN NEW YORK, Defendant–Appellee.**

**Docket No. 02–7816.**

United States Court of Appeals, Second Circuit.

June 18, 2003.

225

David E. Thomas, New York, NY, for Appellant.

1. The Honorable Charles L. Brieant, of the United States District Court for the Southern

Mark E. Brossman, Schulte Roth & Zabel LLP (Scott A. Gold), New York, NY, for Appellee.

PRESENT: SACK, SOTOMAYOR, Circuit Judges, and BRIEANT, District Judge.[1]

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiff appeals from a June 3, 2002, judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge*) granting the defendant's motion for summary judgment on the plaintiff's claims, *inter alia*, of discrimination in violation of the Americans with Disabilities Act, 42

District of New York, sitting by designation.

U.S.C. §§ 12101 *et seq. Saunders v. New Horizons Computer Learning Ctr.*, 99 Civ. 9532, 2002 WL 1067823 (S.D.N.Y. May 29, 2002). The plaintiff proceeded *pro se* for most of the three-year period that this case was before the district court. The plaintiff, now represented by counsel, raises three arguments on appeal: (1) that the district court erred by granting the defendant's motion for summary judgment before the plaintiff had an opportunity to complete discovery; (2) that the court erred by denying the plaintiff's request for appointed counsel; and (3) that the court erred by denying the plaintiff's *in limine* motion to exclude the Voluntary Self–Identification Record.

■ **(1) The District Court's Decision to Grant Summary Judgment without Further Discovery.** We review a district court's grant of summary judgment *de novo*, interpreting all evidence in the light most favorable to the plaintiff. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), *cert. denied*, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). "The management of discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir.1997), *cert. denied*, 525 U.S. 936, 119 S.Ct. 349, 142 L.Ed.2d 288 (1998).

The district court repeatedly extended the time for discovery and instructed the plaintiff on discovery methods. Moreover, the plaintiff has not proffered any arguments that additional discovery of any particular materials would have helped his case. On the contrary, the one document that he was still seeking when the court set a date for the defendant to submit a motion for summary judgment—a signed transcript of the plaintiff's deposition of Mr. Byrd—the plaintiff describes as "useless." Appellant's Br. at 9. The plaintiff's argument on appeal consists largely of assertions that he was not as legally skilled as his adversaries' counsel. But the plaintiff had approximately seventeen months for discovery, and the fact that he proceeded *pro se* for the bulk of that time does not prevent the court from exercising its discretion to end discovery at an appropriate juncture. *See Grady*, 130 F.3d at 561.

■ **(2) The District Court's Denial of the Plaintiff's Request for Appointed Counsel.** A district court has "substantial discretion" to decide whether to appoint counsel in a civil case, subject to the requirement that the court be "guided by sound legal principles." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171–72 (2d Cir. 1989) (per curiam) (internal quotation marks omitted); *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2d Cir.1983). The criteria a district court should use to decide whether to appoint counsel comprise "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. The district court properly considered these factors in its two written orders rejecting the plaintiff's requests for counsel. *See Saunders v. New Horizons Computer Learning Ctr.*, 99 Civ. 9532, slip op. at 1 (S.D.N.Y. Jan. 11, 2000); *Saunders v. New Horizons Computer Learning Ctr.*, 99 Civ. 9532 (S.D.N.Y. Feb. 22, 2001). In light of the plaintiff's demonstrated ability to represent himself in this matter, his employment during the proceedings before the district court, the many attorneys in the metropolitan New York area, and the

failure of the plaintiff's claim on the merits for the reasons stated by the district court, *Saunders v. New Horizons Computer Learning Ctr.*, 99 Civ. 9532, 2002 WL 1067823, at *2–*5 (S.D.N.Y. May 29, 2002), we conclude that the district court did not abuse its discretion in denying the plaintiff's request for appointed counsel.

**(3) The District Court's Denial of the Plaintiff's *In Limine* Motion to Exclude the Voluntary Self–Identification Record.** We review a district court's decisions to admit or exclude evidence for abuse of discretion, *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997), and for harmless error, *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir.1993). The only possible significance of the document that the plaintiff sought to exclude was that it included his assertion, prior to his employment, that he did not "have any physical, mental or emotional impairments, handicaps, or mobility limitations which substantially limit any major life activity." Since the plaintiff admitted in his deposition testimony that he did not tell anyone at New Horizons that he was an alcoholic, we conclude that the failure to exclude this evidence was harmless. *See id.*

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.